UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BEAR REPUBLIC BREWING CO., <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL CITY BREWING CO., <br><br> Defendant. | Civil Action No.: 1:10-cv-10118-RBC |

**PLAINTIFF BEAR REPUBLIC BREWING CO.'S
OPPOSITION TO MOTION TO QUASH SUBPOENAS
TO JAMES B. STAPLES AND JBS PROFESSIONAL SERVICES, INC.**

**INTRODUCTION**

Plaintiff Bear Republic Brewing Co. ("Bear Republic") opposes Defendant Central City Brewing Co.'s ("Central City") Motion to Quash the deposition subpoenas issued by Bear Republic for percipient witnesses James B. Staples and JBS Professional Services, Inc. ("JBS"), Mr. Staples' company.  Central City seeks to prevent production of documents and discovery of facts known to Mr. Staples and/or JBS by asserting that Mr. Staples is a consultant whose knowledge of *factual* matters is absolutely protected from discovery by the attorney work product doctrine.

Central City's assertion is without merit.  Mr. Staples was disclosed as a fact witness in Central City's amended initial disclosure, along with other fact witnesses, not experts.  Central City represented that Mr. Staples possessed factual knowledge of matters relevant to this litigation, and such disclosure was not made with any reservation as to privilege of any kind. That Central City has subsequently amended its initial disclosures to delete Mr. Staples as a fact witness is of no moment.  He is not an expert witness, and his subsequent deletion from Central City's amended initial disclosure does not alter the fact that he has percipient knowledge of

relevant facts. In addition, even if Mr. Staples performed investigatory work as a consultant to Central City's counsel, he can still be deposed as to those *facts* he discovered during his investigation, or any other facts that might lead to the discovery of admissible evidence. As such, the instant Motion to Quash should be denied, documents should be produced, and the deposition should proceed.[1]

## FACTS

On January 21, 2011, Central City amended their initial disclosures of fact witnesses to identify James B. Staples, the co-owner of JBS, as an individual likely to have discoverable information pursuant to Rule 26(a) of the Federal Rules of Civil Procedure and Local Rule 26.2(A). *See* Exhibit 2 to Declaration of J. Huston, filed in support of Motion to Quash ("Huston Decl."), at p. 2; *see also* Declaration of E. Pak, filed in opposition to Motion to Quash ("Pak Decl."), at ¶ 3. Such disclosure was not qualified in any way, nor was there any assertion of privilege as to the information known by Mr. Staples regarding this action. *Id.*

Central City's amended initial disclosures stated that Mr. Staples "has knowledge of the retail sales and restaurant sales conditions of Central City's RED RACER beer in Massachusetts, the retail sales conditions of Bear Republic's RACER 5 and RED ROCKET beers in Massachusetts, and certain photographs and documents reflecting the same." Exhibit 2, Huston Decl*.,* at p. 2.

On January 28, 2011, Bear Republic issued notices of subpoenas duces tecum to Mr. Staples and JBS, requesting documents and testimony, and served corresponding notices of depositions with the subpoenas on Central City. These four discovery documents were served upon Central City's counsel via email and hand-delivery. Exhibit 3, Huston Decl; Pak Decl. at ¶ 4. The subpoenas duces tecum required the production of documents to Bear Republic's counsel on February 10, 2011, and oral testimony on February 16, 2011. *Id.*

---

[1] Although Bear Republic has served separate subpoenas as to Mr. Staples and JBS, Central City has identified him as the Rule 30(b)(6) designee for JBS, and Bear Republic anticipates that there will be just one actual deposition held.

Central City's counsel did not object to the deposition notice or subpoena. Rather, on February 1, 2011, Central City's counsel, Ms. Huston, expressly stated in an email to counsel for Bear Republic that she was also counsel for Mr. Staples and JBS "in connection with the deposition subpoenas that have been served upon them in this case," and that she had copies of the subpoenas in her possession. Pak Decl. at ¶ 5, Exh. A.[2] Ms. Huston also advised that Mr. Staples would be the Rule 30(b)(6) corporate representative for JBS. *Id.* She also said that while Mr. Staples was not available for deposition on February 16, she was checking on alternate dates. *Id.*[3]

Two days later, on February 3, 2011, Bear Republic's counsel inquired about the dates for Mr. Staples' deposition. The next day, February 4, 2011, Ms. Huston responded that "February 17 or March 1 look promising." Pak Decl. at ¶ 6, Exh. B.

Nonetheless, on February 7, 2011, Central City abruptly amended its initial disclosures by deleting Mr. Staples' name from the list of witnesses, and requested that the deposition notices and subpoenas be withdrawn for both Mr. Staples and JBS. Exhibit 6, Huston Decl.; Pak Decl. at ¶ 7. Central City did not assert that service of either Mr. Staples or JBS was defective in any regard. *Id.*

On February 10, 2011, the date that documents were required to be produced by Staples and JBS pursuant to the subpoenas, no such documents were produced. Central City did not file a motion to quash prior to this date. Pak Decl. at ¶ 8.

Bear Republic insisted that it would proceed with the depositions. Central City advised that Mr. Staples "was retained by Foley Hoag as a private investigator in this case, and the only information Mr. Staples has regarding the subjects identified in the Amended Initial Disclosure

---

[2] While Central City disputes that Mr. Staples himself was actually served with subpoenas (see Memo. of Law In Support of Motion to Quash, p. 3, n.1), proofs of service are attached. *See* Pak Decl., ¶ 10; Ex.4, Huston Decl. Neither he nor JBS make an argument regarding the service of the subpoenas in the Motion to Quash, and as such any such argument is waived.

[3] Notably, Ms. Huston does not attach this email as an exhibit to her declaration filed in support of the instant Motion to Quash.

Statement is a result of the work that he did at Foley Hoag's direction after the litigation was commenced." Exhibit 8, Huston Decl.  Bear Republic disputed that this shielded Mr. Staples from deposition and noted that the deadline to produce documents pursuant to the subpoenas had already passed and no motion for a protective order or a motion to quash had been filed.  Pak Decl., ¶ 9.  Central City subsequently filed this motion.

### ARGUMENT

I. **BEAR REPUBLIC IS ENTITLED TO TAKE THE DEPOSITION OF DISCLOSED FACT WITNESSES.**

A party has the right to discover "any nonprivileged matter that is relevant to any party's claim or defense." FRCP 26(b)(1).  This mandate is interpreted broadly, and it allows for discovery of information that might reasonably assist a party in evaluating the case, preparing for trial or facilitating a settlement of the claims in dispute.  *See Hickman v. Taylor* 329 US 495, 506-507, 67 S.Ct. 385, 391 (1947) ("No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into facts underlying his opponent's case.")  This right includes the right to discover the existence, description, nature, custody, condition, and location of any documents or other tangible things, as well as the identity and location of persons who know of any discoverable matter.  FRCP 26(b)(1).

Mr. Staples was disclosed as a percipient *fact* witness.  His disclosure was not qualified in any way.  Not only was he disclosed as fact witness, but certain photos, videos and other materials were voluntarily produced by Central City to Bear Republic, and even included in its motion, that were apparently taken by Mr. Staples.

Despite this, Central City subsequently took the position that any and all *facts* that Mr. Staples possesses constitute protected work product (Rule 26(b)(3)) merely because he performed work at Central City's counsel's request.  Yet Central City fails to cite any case supporting this overbroad proposition.  Central City relies on the *United States v. Deloitte, LLP*, 610 F.3d 129, 136 (D.C. Cir. 2010) and *In re Seagate Tech., LLC*, 497 F.3d 1360, 1376 (Fed.

Cir. 2007) for the proposition that Mr. Staples' testimony is shielded from disclosure under the work product doctrine, but those cases are inapplicable as neither involved testimony of an investigator regarding factual matters.

In *United States v. Deloitte*, the Court only held that a memorandum prepared by auditors, based on a meeting with counsel, constituted work product, even though the memo was not prepared by counsel, because the document contained the thoughts and opinions of counsel. *Id.* at 136. And in *In re Seagate Tech., LLC,* the Court simply held that a party's reliance on and disclosure of its patent counsel's prior opinion on the issue of infringement did not constitute a waiver of the work product doctrine as to the party's ***trial*** counsel in a patent infringement action. *Id*. at 1376. In neither case did the court consider whether facts possessed by a fact witness, such as Mr. Staples, constitute work product.

Indeed, the work product doctrine is not so broad as to shield from disclosure underlying facts, even those held by an investigator. For instance, in *Eoppolo v. National Railroad Passenger Corp.,* 108 F.R.D. 292 (E.D. Pa. 1985), an employee sought damages due to injuries sustained during his employment with Amtrak, and filed a motion to compel answers to certain interrogatories. The defendants objected to these interrogatories on the grounds that they requested information that the defendants had prepared in anticipation of litigation. The defendants cited the work product doctrine (Rule 26(b)(3)) and contended that they could not be required to divulge information and facts which they had secured only as a result of their pretrial investigations. *Id.,* at 294. The plaintiff argued in opposition that Rule 26(b)(3) addresses only to the production of documents, and that factual information could not be shielded from discovery under the rubric of the work product privilege. *Id.*

The court agreed with the plaintiff. "Generally, one party may discover relevant facts known or available to the other party, even though such facts are contained in a document which is not itself discoverable." *Id., (citing* Fed.R.Civ.P. 26(b)(3) advisory committee note). The court explained that the work product doctrine was adopted to shield the mental impressions and legal

theories of a party's counsel or other representative.  The work product doctrine, however, does not protect the *facts* which an adverse party may have learned or the persons from whom such facts were garnered, the court concluded. *Id.*   In view of this analysis, the defendants were then compelled to answer the plaintiff's interrogatories, by revealing the underlying facts of the accident which had been uncovered through their pretrial investigation.  The court emphasized, however, that the defendants would not be required to divulge counsel's view of the case, which facts counsel considered significant, or what specific questions were asked of witnesses by the defendant's investigators.  Such information fell within the category of mental impressions.  *Id.*

This approach has been followed in other cases where testimony is sought from a party's investigator.  *See Laxalt v. U.S. District Court*, 116 F.R.D. 438, 442-443 (Nev. 1987) (permitting deposition of investigators); *Raso v. District Court*, 154 F.R.D. 126, 127-128 (E.D. Pa. 1994) (permitting deposition of investigator regarding his investigation into accident, including observations made at accident location, individuals interviewed, and facts learned during the investigation and from whom such facts were discovered).

Federal courts recognize that if construed too broadly, the work product privilege could interfere with the essential function of the discovery process – i.e., narrowing issues for trial.  *In re San Juan Dupont Plaza Hotel Fire Litigation,* 859 F.2d 1007, 1015 (1st Cir. 1988); *U.S., v. Pepper's Steel & Alloys, Inc., et al.*, 132 F.R.D. 695, 698 (S.D., Fla. 1990).  "The work product privilege is not broad enough to prohibit all inquiry regarding information received from working with counsel, all information obtained after the institution of litigation, all information learned while working with counsel or other colleagues, and all information learned while reviewing documents or having conversations in connection with the litigation." *U.S., v. Pepper's Steel & Alloys, Inc., et al.*, *supra*, 132 F.R.D. at 699.

Here, the deposition of Mr. Staples and JBS should go forward.  As Central City itself admits, Mr. Staples has factual knowledge of sales conditions of the parties' respective products.  He also has basic factual knowledge regarding the photos, videos, menus and other materials that

have already been produced in discovery by Central City including where and when the photos and videos were taken and when the menu was obtained.  He may also possess other factual information relevant to the case, or likely to lead to admissible evidence, such as whether he is aware, at any time, of any instances of confusion, or any instance where someone has associated the parties' marks or products.  He may be aware about changes made to the menu that was produced.[4]  Each of these items are factual matters that are discoverable and do not constitute work product.

In addition, Central City has already produced limited information such as photographs and videos pertaining to Mr. Staples' investigative efforts.  The deposition subpoenas issued to Mr. Staples and JBS seek documentation that pertains to the factual inquiries made by Mr. Staples.  Like the questions that Bear Republic intends to ask Mr. Staples at his depositions, any objections to these document requests based upon work product can be made on a document by document basis.  At a minimum, though, Bear Republic should be allowed to depose Mr. Staples to inquire about such factual matters.  That is the purpose of discovery.

## II.     NEITHER MR. STAPLES NOR JBS PROFESSIONAL SERVICES ARE EXPERT WITNESSES.

Central City spends much of its Motion suggesting that Mr. Staples and JBS are akin to expert witnesses.  They are not.  Mr. Staples was disclosed pursuant to Federal Rule of Civil Procedure Rule 26, section (a), subsection (1) – which pertains to the disclosure of *fact* witnesses.  Mr. Staples was not disclosed pursuant to Federal Rule of Civil Procedure Rule 26, section (a), subsection (1) – which pertains to *expert* witnesses.  Indeed, expert discovery and disclosures have not yet commenced in this case.

Consequently, all of the cases cited by Central City regarding testifying and non-testifying experts are completely inapplicable.  While there may be a procedure to de-designate an expert from a "testifying" to a "non-testifying" witness, there is no such procedure for factual

---

[4] The menu, from the Beacon Street Tavern, is different than a menu from the same establishment that Bear Republic produced earlier.

witnesses such as Staples and JBS.  Central City cites no case in which a party was allowed to shield a witness from a deposition merely because the party amended its initial disclosure to delete the witness.  Central City has failed to meet it burden on this motion.

In addition, Central City has never represented that Mr. Staples has any expert knowledge or expert opinion about any issue in this litigation.  Rather, Central City has attested that Mr. Staples has factual knowledge, namely, regarding "the retail sales and restaurant sales conditions" of the parties' products in Massachusetts and "certain photographs and documents reflecting same."  Huston, Decl., Exhibit 2 at p. 2.

Central City also provided photographs and videos that depict factual conditions and observations made by Mr. Staples.  Exhibit 1 to Huston Decl.  Central City did not assert any privilege or assert work-product doctrine protection with respect to these photographs and videos.  Huston Decl. at ¶ 7.

Furthermore, assuming, *arguendo*, that Staples could be considered an expert, Central City cannot preclude all discovery pertaining to this witness by asserting a blanket attorney work product protection typically afforded such witnesses.  Mr. Staples was disclosed and then withdrawn as a fact witness.  His photographs and videos were voluntarily produced.  As such, he can be deposed.  *See Atari Corp. v. Sega of America*, 161 F.R.D. 417, 418-420 (N.D. Cal. 1994) (consultant could be deposed after counsel furnished videotape of his interview with consultant to opposing counsel).

## CONCLUSION

For the reasons set forth above, Central City's Motion to Quash should be denied, and Mr. Staples and JBS should be required to produce requested documents and give testimony at

deposition.

Respectfully submitted,                                             Dated:  February 28, 2011

BEAR REPUBLIC BREWING CO.
By its attorneys,

    /s/ Eugene M. Pak
Eugene M. Pak *(pro hac vice)*
WENDEL ROSEN BLACK & DEAN LLP
1111 Broadway, 24th Floor
Oakland, CA 94607
Phone:  (510) 836-2500/(510) 808-4726


Deborah E. McCrimmon (*pro hac vice*)                Bruce E. Falby (BBO #544143)
DLA PIPER LLP (US)                                                      Paul S. Ham (BBO #673193)
555 Mission Street, Suite 2400                                    DLA PIPER LLP (US)
San Francisco, California 94105                                33 Arch Street, 26th Floor
Phone/Fax: (415) 836-2500/(415) 836-2501          Boston, Massachusetts 02110
                                                                    Phone/Fax: (617) 406-6000/(617) 406-6100

## CERTIFICATE OF SERVICE

      I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.


                                                                           /s/ Eugene M. Pak
                                                                             Eugene M. Pak